UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PELLERIN, an individual; RADIANS, INC., a Tennessee corporation; and RADPLUGS, INC., a Nevada corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., a Delaware corporation; HOWARD S. LEIGHT & ASSOCIATES, INC., a California corporation; and SPERIAN PROTECTION USA, INC., a Pennsylvania corporation,<br><br>                      Defendant. | Civil No.   11cv1278-BEN (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER OVERRULING DEFENDANTS' OBJECTION**<br>**[Doc. No. 22]** |

      Before the Court is plaintiffs' motion [Doc. No. 22] for an order overruling defendants' objection to the independent expert, Thomas Fleming, designated by plaintiffs pursuant to the Protective Order [Doc. No. 10] entered in this case.  Defendants Honeywell International Inc. and Sperian Protection USA., Inc. (collectively "Honeywell") filed an opposition. [Doc. No. 25].  The Court held telephonic hearing on January 9, 2012.  Ragesh Tangri, Esq., and Genevieve Rosloff, Esq., appeared for plaintiffs Dennis Pellerin, Radians, Inc., and Radplugs, Inc. (collectively "Pellerin").  Randall Kahnke, Esq., Erin Verneris, Esq., and Cathleen Fitch, Esq., appeared for Honeywell.  Having considered the submissions of the parties and the arguments of counsel, the defendants' objection to the designation of Mr. Fleming is sustained and the motion is **DENIED**.

1    This is a trade secret misappropriation case.  Pellerin, a former employee of Honeywell,
2  and his current employer Radians, filed an action in state court for declaratory judgment that they
3  have not misappropriated any trade secrets of Honeywell in the production of plaintiffs' disposable
4  and reusable hearing protection. [Doc. No. 1-1.]  Honeywell removed the action to this court and
5  on December 23, 2012 filed its counterclaim for among other things, trade secret misappropriation.
6  [Doc. No. 21.]
7    To facilitate the exchange of proprietary information relevant to the claims and defenses
8  in this case, the Court entered a Protective Order on July 25, 2011 [Doc. No. 10] that provides for
9  the designation of confidential information.  Paragraph 8 of that order provides for the method of
10  designating independent experts and the process for the non-designating party to object to a
11  designation. [Id. at 4.] On December 9, 2011, Pellerin contacted Honeywell requesting approval of
12  Thomas W. Fleming as an independent expert for the plaintiffs.  On December 16, 2011,
13  Honeywell made a timely, written objection to the designation of Mr. Fleming.   Pellerin contends
14  the objection is unreasonable and should be overruled and plaintiffs should be permitted to
15  proceed with Mr. Fleming as their expert.
16    The basis for Honeywell's objection is that Mr. Fleming is a former employee of the
17  division of the defendant responsible for the manufacture of its earplug products.  From 1996 to
18  2006, Mr. Fleming was employed as a Product Development Engineer, Product Development
19  Manager and Senior Product Development Engineer in the defendants' Research and Development
20  Division. [Doc. No. 25 at 2.] In those positions, Mr. Fleming was responsible for "industrial
21  design engineering of hearing protection products and related manufacturing processes, using
22  various technologies and materials, such as injection molding technology and polyurethane foam."
23  [Doc. No. 25-2 at ¶4.] Honeywell represents that in light of his former employment with defen-
24  dant, Mr. Fleming is specifically knowledgeable about defendants' confidential and trade secret
25  information relevant to this litigation. [Id. at ¶8.]
26    As an employee of defendant, Mr. Fleming executed an Employee Confidentiality and
27  Nondisclosure Agreement, in which he agreed not to disclose confidential information he received
28  by virtue of his employment to any third party without first obtaining prior written consent. [Id. at

¶6.] Defendants contend that as a former employee of the defendants who acquired confidential information that is pertinent to this litigation during the course of his employment, Mr. Fleming should be disqualified from serving as an expert for the plaintiffs in this matter.

In situations where a party retains an expert witness who previously worked for an adversary and who acquired confidential information during the course of his employment, disqualification may be appropriate. *Space Systems/Loral v. Martin Marietta Corp.*, 1995 WL 686369, *2 (N.D. Cal. 1995). Courts have adopted the following test for disqualification of an expert:

(1) could the party claiming a conflict reasonably conclude it had a confidential relationship with the expert, and

(2) did that party disclose any confidential or privileged information to the expert.

*Alien Technology Corporation v. Intermec, Inc.*, 2007 WL 4261972, *1 (D.N.D. 2007).

In this case it is undisputed that Mr. Fleming was a former employee of the defendants and in relation to his employment entered into confidentiality agreements with the defendants that bind him to keep confidential information he obtained during his employment. Defendants have offered testimony by way of declaration that Mr. Fleming received confidential information that is pertinent to this litigation. Consequently, the Court finds that both prongs of the test have been met.

The circumstances of this case are similar to those in *Alien Technology*, in which the expert Intermec sought to retain was a former employee of Alien Technology. He was obligated to keep Alien's proprietary information confidential and he had confidential information pertinent to the litigation. *Id*. *1-2. The court concluded that although the expert "may not think at this time knowledge he gained at Alien will be relevant, the danger is that no one may know how the information he learned from Alien may affect his opinion and [he] may inadvertently use confidential information." *Id*. *2. The former employer's motion to disqualify was granted.

Pellerin notes that the expert in *Alien* had access to legal planning and, therefore, seeks to distinguish the case on that basis. That was, however, just one additional aspect of the confidential information to which the challenged former employee had access that the court

considered. The decision was not based on his access to privileged information but confidential information as well. *Id*.

Similarly in *Wang Laboratories, Inc. V. CFR Associates, Inc.,* 125 F.R.D. 10, 11 (D. Mass 1989), the court granted Wang's motion to disqualify a former employee as an expert for CRF because he possessed confidential information about Wang's computer systems, pertinent to the litigation, that he obtained while he was a Wang employee. The court observed that a former employee should not be allowed "to use confidential information he obtained during the course of his employment as a sword against his former employer during the discovery process, and at trial, in contravention of an employment agreement." *Id*. at 12.

Pellerin notes that Wang also argued that the expert at issue in that case should be disqualified because in his current work he deals with companies in competition with Wang and technical documents produced to him in discovery would be valuable to those competitors. *Id*. at 12-13. In this case, Mr. Fleming is no longer actively involved in the industry that is the subject matter of the litigation so, Pellerin contends the *Wang* decision is distinguishable. The expert's current competitive status was an alternative ground for disqualifying him in the *Wang* decision, but was not the sole basis. The court found that the expert's contractual obligations barring him from disclosing Wang's confidential information to third parties justified his disqualification. *Id*. at 13.

In *Space Systems*, 1995 WL 686369, *2-3, there were two former employees of Martin Marietta at issue. For one, Muhlfelder, the court found that he was privy to substantial confidential technical information[1] relevant to the litigation and bound by non-disclosure agreements. He

---

[1] Pellerin cited the Court to Nikkal Industries, Ltd. V. Salton, Inc., 689 F.Supp.187, 191-192 (S.D.N.Y. 1988), during the hearing for the proposition that having technical information alone is not sufficient to justify disqualification. The information shared with a prospective expert in Nikkal was deemed essentially technical, and not privileged, and therefore not sufficient to disqualify him as the defendant's witness. The circumstances, however are distinguishable from this case in which the technical information is confidential, propriety information obtained in the course of employment for the disclosing party, subject to a non-disclosure agreement. The Nikkal decision does not support Pellerin's proposition that because the information Mr. Fleming has is technical it cannot be deemed confidential and justify his disqualification.

was summarily disqualified. *Id*.\*2. For the second, Kaplan, although bound by non-disclosure agreements, Martin Marietta acknowledged that he had no access to the specific technology at issue in the litigation. The court concluded that the confidential information Kaplan obtained from Martin Marietta was minimal at best. Finding further that it would be a great hardship to Space Systems to disqualify Kaplan as he was a renowned expert in the field of the litigation, the court found total disqualification was not warranted. Kaplan was limited to testifying based on information he obtained prior to or subsequent to his employment with Martin Marietta. *Id*.\*3-4.

In this case, the Court finds Mr. Fleming's circumstances parallel the analysis for Mulfelder, more than Kaplan. Honeywell has provided testimony that Mr. Fleming has confidential information pertinent to the litigation at issue. Consequently, the Court finds Pellerin's suggestion that Mr. Fleming can parse his knowledge of Honeywell's confidential information to only rely upon what is provided to him in the litigation to be unpersuasive. There is a substantial risk he may inadvertently use confidential information he is contractually barred from disclosing to Pellerin in his role as expert. This Court concurs with JudgeWebb's comment that the human brain does not compartmentalize information in that manner. *Alien Technology*, 2007 WL 4261972 at \*2.

Further Pellerin has not shown how it would be prejudiced by losing Mr. Fleming as an expert. Pellerin offered no representation that Mr. Fleming's expertise is rare, or that there are few experts on the topic. It appears Mr. Fleming's expertise in this field is of particular value to Pellerin mainly because of his former relationship with the defendant, but that is the reason to disqualify him.

For the reasons set forth above, Honeywell's objection to Mr. Fleming as Pellerin's expert, consulting or testimonial, is sustained and Pellerin's motion is **DENIED**.

DATED: January 12, 2012

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge